**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

FRANCISCA D. LOCICERO, an individual,
on behalf of herself and all others similarly
situated,

        Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC.,
an Ohio corporation, GREENSKY, LLC, a Georgia
limited liability company, and INTRUST BANK, N.A.,
a national bank,

        Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Francisca D. Locicero, an individual, by and through her undersigned attorney,

sues Defendants, Experian Information Solutions, Inc., an Ohio corporation, GreenSky, LLC, a

Georgia limited liability company, and Intrust Bank, N.A., a national bank, and alleges:

## GENERAL ALLEGATIONS

### *Preliminary Statement*

1.    This is an action for actual, statutory and punitive damages, costs and attorney's

fees brought pursuant to 15 U.S.C. §1681, *et seq.*, known more commonly as the "Fair Credit

Reporting Act" ("the Act").

## JURISDICTION

2.    The jurisdiction of this Court is established pursuant to 15 U.S.C §1681p and 28

U.S.C.§1367.

## ALLEGATIONS AS TO PARTIES

3.      At all times material hereto, Plaintiff, Francisca D. Locicero ("Ms. Locicero"), was *sui juris* and resident of Broward County, Florida.

4.      At all times material hereto, Ms. Locicero was a "consumer" as said term is defined under 15 U.S.C. §1681a(c).

5.      At all times material hereto, Defendant, Experian Information Solutions, Inc. ("Experian"), was an Ohio corporation doing business in Broward County, Florida.

6.      At all times material hereto, Experian was a "consumer reporting agency" as said term is defined under 15 U.S.C. §1681(f).

7.      At all times material hereto, Experian was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. §1681(d) to third parties.

8.      At all times material hereto, Experian disburses such consumer reports to third parties under a contract for monetary compensation.

9.      At all times material hereto, GreenSky, LLC ("GreenSky") was a Georgia limited liability company doing business in the State of Florida.

10.     At all times material hereto, Intrust Bank, N.A. ("Intrust"), was a banking corporation organized in the State of Kansas.

11.     At all times material, Intrust was in the business of extending credit to consumers for personal and household purposes.

## *FACTUAL ALLEGATIONS*

12.     Several years prior to the filing of the instant action, GreenSky created a loan agreement, entitled "GreenSky Installment Loan Agreement" ("Fraudulent Loan Agreement"), in

the name of Ms. Locicero as a borrower and with Intrust as a creditor to finance the purchase and installation of an air conditioning unit.

13.     The Fraudulent Loan Agreement was opened without the consent or knowledge of Ms. Locicero.  Ms. Locicero did not and does not owe any money to Intrust under the Fraudulent Loan Agreement.

14.     As a result of the attempt by Defendants to collect monies under the Fraudulent Loan Agreement, Ms. Locicero  caused to be filed a Complaint for Damages and Incidental Relief in that certain case styled "*Francisca D. Locicero et al., v. Intrust Bank, N.A., et al.*, In the United States District Court for the Southern District of Florida; Case No.: 17-CV-61484-DBG" ("GreenSky Class Action").

15.     In the GreenSky Class Action, Ms. Locicero brought claims on behalf of herself and all other persons similarly situated based on the failure of the Defendants to comply with federal and state laws with respect to extensions of credit represented by the Fraudulent Loan Agreement.

16.     On November 27, 2019, the Court having jurisdiction of the GreenSky Class Action entered a Final Judgment and Order of Dismissal with Prejudice ("Final Approval Order").

17.     Pursuant to the Final Approval Order in the GreenSky Class Action, the Court adopted and approved the Settlement Agreement and Release between Ms. Locicero and Defendants on behalf of the class more particularly described therein ("Class Action Settlement Agreement").

18.     As part of the bargained-for exchange that was approved by the Court, GreenSky and Intrust agreed pursuant to Paragraph 14.4 of the Class Action Settlement Agreement as follows:

Upon the Effective Date of Settlement, as defined in § 1.9, Settling Defendants shall be deemed to have, and by operation of the Final Judgment and Final Order shall have, fully, finally, and forever release, relinquished and discharged Plaintiff from all claims arising out of, in any way relating to, or in connection with the Lociero Loan Agreement, including the obligation to pay same. In the event Settling Defendants have reported any adverse or derogatory information to any consumer reporting agency concerning the Lociero Loan Agreement, Settling Defendants shall follow all reasonable procedures to remove or delete the trade line from the consumer report of Ms. Locicero.

("Credit Discharge and Amelioration Provision").

19.     Notwithstanding that Ms. Locicero never owed any money under the Fraudulent Loan Agreement as well as the Credit Discharge and Amelioration Provision of the Class Action Settlement Agreement, since entry of the Final Approval Order, Intrust and GreenSky reported rt negative information concerning the Fraudulent Loan Agreement as being delinquent on the consumer reports of Plaintiff ("Loan Agreement Delinquency Representations").

20.     The Loan Agreement Delinquency Representations included the following false and inaccurate information:

- that the balance owed under the Fraudulent Loan Agreement was $8,275 as of March 2020;

- that the amount charged off was $8275; and

- that the account for the Fraudulent Loan Agreement was "90 or more days past due" in March 2017.

21.     Since entry of the Final Approval Order, Ms. Locicero has attempted  to get Defendants to delete the false information about the Fraudulent Loan Agreement.

22.     Ms. Locicero has disputed the false derogatory information concerning the Fraudulent Loan Agreement in writing to Experian ("Request for Re-investigation").

23.     Upon receipt of the dispute by Ms. Locicero from the consumer reporting agencies, Defendants failed to conduct a reasonable investigation and continued to report a delinquency on the consumer report of Ms. Locicero with respect to the Loan Agreement.

24.     Despite the dispute by Ms. Locicero that she was not delinquent under the Fraudulent Loan Agreement and that she owed nothing under same, Defendants did not evaluate or consider any of the information, claims or evidence of Ms. Locicero, and did not make any attempt to substantially or reasonably verify that the derogatory information concerning the Fraudulent Loan Agreement was inaccurate.

25.     Defendants reported and disseminated inaccurate credit information to third parties regarding Plaintiff's credit history, including the Loan Agreement Delinquency Representations.

26.     Plaintiff notified Defendants that they were reporting inaccurate credit information in her credit report, despite Plaintiff sending Experian written request(s) for reinvestigation of the information that was inaccurate.

27.     Experian failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's consumer reports.

28.     Experian failed to conduct a reasonable reinvestigation of Plaintiff's disputes and failed to comply with the reinvestigation requirements under 15 U.S.C. §1681i.

29.     Experian transmitted consumer reports relating to Plaintiff to GreenSky without a permissible purpose under the Fair Credit Reporting Act for doing so.

30.     Upon review of her Experian credit report dated April 27, 2020, Plaintiff discovered that, since at least the date of the Final Approval Order, GreenSky submitted unauthorized credit report inquiries to Experian, for "account review" reasons.

31.     15 U.S.C. §1681b delineates the only permissible uses of, or access to, consumer reports.

32.     GreenSky's inquiry of Plaintiff's consumer report information, without consent, falls outside the scope of any permissible use or access included in 15 U.S.C. §1681b.

33.     GreenSky had no legitimate business need for the information in Plaintiff's credit report subsequent to entry of the Final Approval Order

34.     GreenSky violated 15 U.S.C. §1681b, by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. §1681b.

35.     The actions of GreenSky were willful under 15 U.S.C. §1681n, because Respondent was aware of the FCRA's prohibitions on impermissibly pulling consumers' credit reports. *See, Doe v. Sentech Employment Services, Inc.* (E.D. Mich., May 16, 2016) [citing *Singleton v. Domino's Pizza, LLC*, 2012 WL 245965, *4 (D. Md., Jan. 25, 2012) stating "[A]ssertions that a Respondent is aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal"].

36.     As a result of the conduct, actions and inaction of Defendants, Plaintiff suffered actual damages in the form of additional interest, expense and finance charges, as well as extreme mental anguish and emotional distress, humiliation, and damage to Plaintiff's reputation for credit worthiness.

37.     The conduct, actions and inaction of Defendants were willful, rendering Defendants liable for punitive damages in the amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

<u>**COUNT I - ACTION FOR WILLFUL VIOLATION OF THE**</u>
<u>**FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQUI***</u>
(***AS TO EXPERIAN***)

38.     This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et sequi*.

39.     Ms. Locicero realleges and reincorporates herein by reference paragraphs 1 through 37 above as if set forth hereat in full.

40.     Experian violated 15 U.S.C. §1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning Ms. Locicero.

41.     Experian has willfully and recklessly failed to comply with the Act.  The failure of Experian to comply with the Act include, but are not necessarily limited to, the following:

(a)     the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

(b)     the failure to correct erroneous personal information regarding Ms. Locicero after a reasonable request by Plaintiff;

(c)     the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Ms. Locicero;

(d)     the failure to promptly and adequately investigate information which Defendant had noticed was inaccurate;

(e)     the continual placement of inaccurate information into the credit report of the consumer after being advised by the consumer that the information was inaccurate;

(f)     the failure to note in the credit report of the consumer that the consumer disputed the accuracy of the information;

7

(g)      the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and

(h)      the failure to take adequate steps to verify information that Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

42.      As a result of the conduct, action and inaction of Experian, Ms. Locicero suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

43.      The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §1681(n).

44.      Ms. Locicero is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n(a)(3).

WHEREFORE, Plaintiff, Francisca D. Locicero, an individual, demands judgment in her favor against Defendant, Experian Information Solutions, Inc., an Ohio corporation, for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §1681n.

## COUNT II - ACTION FOR NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQUI* (*AS TO EXPERIAN*)

45.      This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, exclusive of interest, costs and attorney's fees.

46.      Ms. Locicero realleges and incorporates herein by reference paragraphs 1 through 37 as if set forth hereat in full.

47.      Experian violated 15 U.S.C. §1681i(a), on multiple occasions, by failing to delete inaccurate information from the credit file of Ms. Locicero after receiving actual notice of such

inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to filter and verify the disputed information in the credit file of Ms. Locicero.

48.     Experian has negligently failed to comply with the Act.  The failure of Experian to comply with the Act include, but are not necessarily limited to, the following:

(a)     the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

(b)     the failure to correct erroneous personal information regarding Ms. Locicero after a reasonable request by Plaintiff;

(c)     the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Ms. Locicero;

(d)     the failure to promptly and adequately investigate information which the Defendant had notice was inaccurate;

(e)     continuing to place inaccurate information into the credit report of the consumer after being advised by the consumer that the information was inaccurate;

(f)     the failure to note in the credit report of the consumer that the consumer disputed the accuracy of the information;

(g)     the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and

(h)     the failure to take adequate steps to verify information that Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

49.     As a result of the conduct, action and inaction of Experian, Ms. Locicero suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

50.     The conduct, action and inaction of Experian was negligent, entitling Ms. Locicero to recover damages under 15 U.S.C. §1681o.

51.     Ms. Locicero is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Plaintiff, Francisca D. Locicero, an individual, demands judgment in her favor against Defendant, Experian Information Solutions, Inc., an Ohio corporation, for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §1681n.

**COUNT III - ACTION FOR WILLFUL VIOLATION OF**
**THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQUI***
**(*AS TO INTRUST BANK AND GREENSKY*)**

52.     This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et sequi*.

53.     Ms. Locicero realleges and reincorporates herein by reference paragraphs 1 through 37 above as if set forth hereat in full.

54.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

55.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Ms. Locicero. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

56.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from

a furnisher, such as Intrust and GreenSky, must report the results to other agencies which were supplied such information.

57.     Intrust and GreenSky violated 15 U.S.C. §1681s by the publishing of the Loan Agreement Delinquency Representations; by failing to fully and improperly investigate the dispute of Ms. Locicero with respect to the Loan Agreement Delinquency Representations; by failing to review all relevant information regarding same and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

58.     As a result of the conduct, action and inaction of Intrust and GreenSky, Ms. Locicero suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

59.     The conduct, action and inaction of Intrust and GreenSky was willful, rendering Intrust and GreenSky liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §1601n.

60.     Ms. Locicero is entitled to recover reasonable costs and attorney's fees from Intrust and GreenSky in an amount to be determined by the Court pursuant to 15 U.S.C. §1601n.

WHEREFORE, Plaintiff, Francisca D. Locicero, an individual, demands judgment in her favor against Defendant, Intrust Bank, N.A., a national bank,  and GreenSky, LLC, a Georgia limited liability company for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §1681n.

## COUNT IV - ACTION FOR NEGLIGENT VIOLATION OF THE
## FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQUI*
### (*AS TO INTRUST BANK AND GREENSKY*)

61.     This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*

62.     Ms. Locicero realleges and incorporates herein by reference paragraphs 1 through 37 as if set forth hereat in full.

63.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

64.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Ms. Locicero.  The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

65.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher, such as Intrust and GreenSky, must report the results to other agencies which were supplied such information.

66.     After receiving the several notices of dispute from Experian, Intrust and GreenSky negligently failed to conduct its reinvestigation in good faith with respect to each and every notice of dispute.

67.     A reasonable investigation would require a furnisher such as Intrust and GreenSky to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.  With respect to Intrust and GreenSky,

12

Intrust and GreenSky would have been able to readily and quickly confirm that Ms. Locicero owed nothing under the Fraudulent Loan Agreement had it reviewed its business records.

68.     The conduct, action and inaction of Intrust and GreenSky was negligent, entitling Ms. Locicero to recover actual damages under 15 U.S.C. §1681o.

69.     As a result of the conduct, action and inaction of Intrust and GreenSky, Ms. Locicero suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

70.     Ms. Locicero is entitled to recover reasonable attorney's fees and costs from Intrust and GreenSky in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Plaintiff, Francisca D. Locicero, an individual, demands judgment in her favor against Defendant, Intrust Bank, N.A., a national bank, and GreenSky, LLC, a Georgia limited liability company for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §1681n.

## DEMAND FOR JURY TRIAL

Plaintiff, Francisca D. Locicero, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

DATED this 11th day of June 2020.

/s/ Robert W. Murphy
ROBERT W. MURPHY
Florida Bar No.: 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 763-8660
Telephone: (954) 763-8607
E-Mails: rphyu@aol.com; and
rwmurphy@lawfirmmurphy.com
*Attorney for Plaintiff*